CONTRACTORS CAPITAL CORP.,
Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee,

v.

RDE CONSTRUCTION,
INC., Defendant.

No. 01–5058.

United States Court of Appeals,
Federal Circuit.

Feb. 5, 2002.

Before MICHEL, LOURIE and
GAJARSA, Circuit Judges.

*Judgment*

PER CURIAM.

This CAUSE having been heard and
considered, it is ORDERED and AD-
JUDGED:

AFFIRMED. *See* Fed. Cir. R. 36.

Don C. CURTIS, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 01–3286.

United States Court of Appeals,
Federal Circuit.

Feb. 6, 2002.

Before MAYER, Chief Judge,
SCHALL, and LINN, Circuit Judges.

PER CURIAM.

Don C. Curtis appeals the decision of
the Merit Systems Protection Board, No.
DA0752000600–I–1, 2001 WL 455856 (April
16, 2001), which became final on April 16,
2001, and dismissed his appeal with preju-
dice for failure to prosecute. We *affirm.*

We must affirm the decision of the
board unless we find that it is: "(1) arbi-
trary, capricious, an abuse of discretion, or
otherwise not in accordance with law; (2)
obtained without procedures required by
law, rule, or regulation having been fol-
lowed; or (3) unsupported by substantial
evidence." 5 U.S.C. § 7703(c) (1994).
Such a finding is not warranted here. An
administrative judge has authority under
the board's regulations to dismiss an ap-
peal for failure to prosecute. *See* 5 C.F.R.
§ 1201.43(b) (2001). We have held that a
dismissal may result from an appellant's
repeated failure to respond to board or-
ders. *See Ahlberg v. Dep't of Health and
Human Servs.,* 804 F.2d 1238, 1242–43
(Fed.Cir.1986). Moreover, sanctions are
within the discretion of the board and will
not be reversed unless there is a clear and

harmful abuse of discretion. *See Baker v. Dep't of Health and Human Servs.,* 912 F.2d 1448, 1457 (Fed.Cir.1990) (citing *Curtin v. Office of Pers. Mgmt.,* 846 F.2d 1373, 1378 (Fed.Cir.1988)).

Curtis repeatedly ignored the administrative judge's orders, all of which warned that failure to comply could result in dismissal of his appeal. He has provided no explanation for not contacting the board in response to its orders and has provided no justification for his repeated lack of compliance. Curtis offers that he was unable to participate in a conference call, but did not provide any explanation as to why he did not call to reschedule. The board's decision to dismiss Curtis's appeal with prejudice for failure to prosecute was not an abuse of discretion.